### Reginald HAYWOOD, Plaintiff– Appellant,

v.

### Jeff BEDATSKY; et al., Defendants– Appellees.

### No. 07–16797.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 13, 2009.*

Filed April 24, 2009.

Reginald Haywood, Phoenix, AZ, pro se.

Tara Lynn Stromberg, Esquire, James Kloss, Esquire, Lewis Brisbois Bisgaard & Smith, LLP, Michael A. Johns, Office of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

the U.S. Attorney, Matthew L. Cates, Esquire, Richard Kenneth Delo, Esquire, Jennings, Strouss & Salmon, P.L.C., James B. Bowen, Esquire, Deputy Attorney General, Arizona Attorney General's Office, Phoenix, AZ, John M. West, Esquire, Bredhoff & Kaiser, PLLC, Washington, DC, for Defendants–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Reginald Haywood appeals pro se from the district court's judgment for defendants in his action alleging employment discrimination by the United States Postal Service and breach of the duty of fair representation by his union. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissal of a claim, *Mpoyo v. Litton Electro–Optical Syst.*, 430 F.3d 985, 987 (9th Cir.2005), and the grant of summary judgment, *Adkins v. Mireles*, 526 F.3d 531, 538 (9th Cir.2008). We affirm.

■ Contrary to Haywood's contention, the alleged absence of hearings in his earlier employment actions against the Postal Service did not preclude dismissal, based on the doctrine of res judicata, of his current employment claims against the Postal Service. *See Mpoyo*, 430 F.3d at 987 ("Res judicata applies when the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.") (internal quotation marks, ellipses, and citation omitted).

■ The district court did not abuse its discretion by dismissing Haywood's claims against the Postal Service in this case without a hearing. *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 832 n. 6 (9th Cir.2003) ("We reject [plaintiff's] contention that the district court violated his due process rights by dismissing his claims under Federal Rule of Civil Procedure 12(b)(6) without oral argument. The district court was within its discretion to dispense with oral argument.").

■ The district court properly granted summary judgment on the duty of fair representation claim because Haywood filed the complaint more than six months after the claim accrued. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 170–72, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (holding that a claim for breach of the duty of fair representation must be filed within six months after it accrues).

■ The district court did not abuse its discretion by denying Haywood's motion for appointment of counsel because he did not demonstrate that he was likely to prevail on the merits or that he was unable to articulate his claims. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

■ The district court did not abuse its discretion by denying Haywood's motion for leave to amend after concluding that he unduly delayed seeking to amend his complaint. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir.2006) ("[A] district court need not grant leave to amend where the amend-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment ... produces an undue delay in litigation.")

Haywood's remaining contentions are unpersuasive.

**AFFIRMED.**