**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARDEANA Q. ELLIS,

        Plaintiff - Appellant,

  v.

SMITHKLINE BEECHAM
CORPORATION d/b/a
GLAXOSMITHKLINE,

        Defendant - Appellee.

Nos. 08-35657
      09-35208

D.C. Nos. 3:07-cv-05302-RJB
        3:08-cv-05691-BHS

MEMORANDUM [*]

Appeals from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding
Benjamin H. Settle, District Judge, Presiding

Submitted January 11, 2010 [**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes that these case are suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

GT/Research

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Ardeana Q. Ellis appeals pro se from two related judgments in her actions against her former employer. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, and may affirm on any ground supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

Summary judgment was proper in Ellis's first action, appeal No. 08-35657, because she failed to raise a triable issue of race, gender, or age discrimination as to either of the claims she raises on appeal.

Specifically, summary judgment was proper on the Title VII retaliation claim because Ellis did not oppose conduct that was prohibited by Title VII. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) ("[T]he opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation.").

Summary judgment was also proper on the "grant writing" disparate treatment claim because Ellis failed to raise a triable issue as to whether her computer problems were the result of defendant's discriminatory animus. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 664 (9th Cir. 2002) (affirming summary judgment for employer in discrimination action where

plaintiff failed to "present[ ] the substantial and specific evidence required to demonstrate . . . racial discrimination"); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028-29 & n.6 (explaining the burden-shifting scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and noting that a plaintiff cannot create a genuine issue of material fact by "relying solely on the plaintiff's subjective belief").

Dismissal of Ellis's second action, appeal No. 09-35208, pursuant to the doctrine of res judicata was proper because the earlier action between the parties resulted in a final judgment on the merits concerning claims arising out of the employment relationship. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) ("Res judicata applies when the earlier suit . . . (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.") (citation and quotation marks omitted).

Further, having introduced the issue of wrongful termination in the first action, Ellis neither sought a stay to pursue her administrative remedies, nor included a wrongful termination claim in her second amended complaint. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001) ("Title VII claims are not exempt from the doctrine of res judicata where plaintiffs

have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims.").

Ellis's remaining contentions are unpersuasive.

No. 08-35657:      **AFFIRMED**

No. 09-35208:      **AFFIRMED**.