**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARCADIO S. ACUNA, | No. 09-15239 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-05423-VRW |
| v. | |
| LEA ANN CHRONES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief Judge, Presiding

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Arcadio S. Acuna, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he was

improperly placed in administrative segregation on the basis of his membership in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a prison gang. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (res judicata); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (failure to exhaust). We affirm.

The district court properly dismissed the due process claims because they have already been litigated by the parties or their privies in state court. *See Acuna v. Kirkland*, No. HC-PB-05-0005242, slip op. at 1 (Cal. Super. Ct. Oct. 6, 2006); *In re Arcadio Acuna*, No. HCPB06-5235, slip op. at 3 (Cal. Super. Ct. Apr. 6, 2007); *see also Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (setting forth elements of res judicata under California law); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) (holding that "because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards").

The district court properly dismissed the retaliation claims because Acuna did not exhaust administrative remedies as to those claims before commencing this action. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam)

(exhaustion under 42 U.S.C. § 1997e(a) must occur prior to commencement of the action).

Acuna's remaining contentions are unpersuasive.

**AFFIRMED.**