NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISHNA REDDY, | No. 10-56188 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01830-VBF-DTB |
| v. | |
| MEDQUIST, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 17, 2012[**]

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Krishna Reddy appeals pro se from the district court's order dismissing her

employment and RICO action. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo, *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2005), and we affirm.

The district court properly dismissed Reddy's claims against defendants MedQuist, Inc. and CBay Systems Holdings Ltd. as barred by the doctrine of res judicata because Reddy's prior action in the District of New Jersey "(1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Id.* (citation and internal quotation marks omitted).

The district court did not err by considering the motions to dismiss for lack of personal jurisdiction filed by defendants Koninklijke Philips Electronics N.V. ("Philips") and Rusckowski. Contrary to Reddy's contention, the Southern District of California's transfer of Reddy's action did not preclude the Central District of California from considering personal jurisdiction because the transfer order only addressed venue and explicitly stated that defendants could reassert their remaining grounds for dismissal in the transferee district. *See Hoffman v. Blaski*, 363 U.S. 335, 342 n.9 (1960) (when a transferor court does not determine the jurisdiction of the transferee court, the transferee court retains the power to determine its own jurisdiction); *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (stating that the law of the case doctrine only applies "when the issue in question was actually considered and decided by the first court"). Moreover, the motions were not

2

untimely. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988) ("This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed.").

The district court did not abuse its discretion by denying Reddy's request for default judgment against Philips and Rusckowski. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (no default can be entered if defendant has filed a response indicating its intent to defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (denial of default judgment reviewed for an abuse of discretion).

The district court did not abuse its discretion by dismissing the remaining defendants for failure to effectuate service of process in a timely manner. *See* Fed. R. Civ. P. 4(e) (setting forth methods for serving an individual, including by following relevant state law); Cal. Civ. Proc. Code § 415.20(b) (setting forth requirements for substitute service under California law); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001) (dismissal for failure to serve defendants in a timely manner reviewed for an abuse of discretion).

Reddy's remaining contentions are unpersuasive.

Defendants' motion for judicial notice is granted.

**AFFIRMED.**

3                                                                                    10-56188