**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYRALISA LAVENA STEVENS, | No. 13-16953 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00239-GEB-KJN |
| v. | |
| VIMAL SINGH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted January 21, 2015[**]

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Lyralisa Lavena Stevens, a California state prisoner, appeals pro se from the

district court's judgment dismissing her 42 U.S.C. § 1983 action alleging

violations of the Eighth Amendment, the California constitution, and California

law based on prison officials' failure to approve Stevens's request for sex-

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reassignment surgery. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005), and we affirm.

The district court properly dismissed the action as barred by the doctrine of res judicata because the parties or their privies already litigated Stevens's claims in California state court. *See Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim-preclusive effect); *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (setting forth elements of res judicata under California law).

We reject as unpersuasive Stevens's contention that she is entitled to compensation under various state regulations, and her contention that the district court's rulings established that her claims were meritorious.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Defendants' motion to strike portions of the reply brief, filed on April 11, 2014, is granted. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988). All other pending motions and requests are denied.

**AFFIRMED.**

13-16953