

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM J. MYERS, JR., aka William J. Myers,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>FREESCALE SEMICONDUCTOR INCORPORATED, a Delaware corporation,<br><br>　　　　　Defendant - Appellee. | No. 13-17410<br><br>D.C. No. 2:13-cv-01907-NVW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted March 23, 2015[**]

Before: LEAVY, GRABER, and OWENS, Circuit Judges.

William Myers appeals the district court's judgment following the dismissal

on res judicata grounds of his action seeking unpaid wages from Freescale

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Semiconductor, Inc. We review de novo a district court's dismissal based on res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Myers's first contention is that this case was improperly removed to federal court. Because he did not object to removal, the only issue on appeal is "whether diversity jurisdiction would have existed if the case had been filed in the posture it had at the time" the motion to dismiss was granted. *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011). Myers's own admissions establish that the amount in controversy was more than $75,000 at the time the motion to dismiss was granted, *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("In the absence of any conflicting evidence, the plaintiff's admission establishe[s] . . . the amount in controversy . . . ."), and there is no dispute that the parties in this case are diverse. Accordingly, the district court had diversity jurisdiction under 28 U.S.C. § 1332, and removal was proper.

Myers's next contention is that the district court improperly dismissed his complaint on res judicata grounds. "Three elements constitute a successful res judicata defense. Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir.

2

2011) (internal quotation marks omitted). Myers appears to concede that the second and third elements are satisfied, but contends that there is not an identity of claims between this case and his previous action against Freescale. We have held that "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.' Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (citation omitted) (some internal quotation marks omitted). This case and Myers's previous lawsuit both arise from "the same transactional nucleus of facts," specifically, Myers's termination. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (holding that two suits "relate[d] to the same set of facts" because they both concerned "the events leading to [the plaintiff's] termination"). Myers also could have brought the current claims in his previous action against Freescale. As a result, there is an identity of claims, and the district court did not err in dismissing Myers's complaint on res judicata grounds.

Myers's final contention is that he did not receive proper notice of Freescale's motion to dismiss or the district court's orders following the removal of this case to federal court. Nevertheless, Myers offers no evidence demonstrating

that the motion to dismiss was not properly served, *Moody v. Bucknum* (*In re Bucknum*), 951 F.2d 204, 207 (9th Cir. 1991) (per curiam) ("A certificate of mailing . . . create[s] a presumption of receipt of notice . . . ."), or that any of the district court's orders were not validly filed on CM/ECF.  This argument thus fails.

**AFFIRMED.**[1]

---

[1]  Myers's "Motion for Summary Judgment" is denied.