**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLIE P. MARKS, | No. 12-17707 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-03851-SBA |
| v. | |
| TREVNOR ASKEW; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Leslie P. Marks appeals pro se from the district court's judgment dismissing

her action arising out of foreclosure proceedings.   We have jurisdiction under 42

U.S.C. § 1291.   We review de novo.   *Cervantes v. Countrywide Home Loans*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).   Accordingly, Marks's request for oral argument, set forth in her opening and reply briefs, is denied.

*Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal for failure to state a claim); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (dismissal on basis of claim preclusion).   We affirm.

The district court properly dismissed the action because Marks's claims were raised, or could have been raised, in prior actions between the parties or their privies that resulted in a final judgment on the merits.   *See Mpoyo*, 430 F.3d at 987 (setting forth claim preclusion elements and requirements for identity of claims under federal law); *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) (describing claim preclusion under California law); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (the doctrine of res judicata bars subsequent litigation both of claims that were raised and those that could have been raised in the prior action).

We reject as unsupported by the record Marks's contentions of judicial bias and due process violations.

Appellees' request for judicial notice, filed on July 9, 2013, and Marks's request for judicial notice, filed on August 13, 2013, are denied as unnecessary.

**AFFIRMED.**