**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM F. HOLDNER,

               Petitioner - Appellant,

   v.

COMMISSIONER OF INTERNAL
REVENUE,

               Respondent - Appellee.

No. 11-71593

Tax Ct. No. 10375-08

MEMORANDUM[*]

Appeal from a Decision of the United States Tax Court

Submitted October 10, 2012[**]
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

   1.  It was not clearly erroneous for the tax court to conclude that Holdner

Farms operated as a partnership between 2004 and 2006.  The facts in the record

support the plausible inference that Holdner Farms operated as a partnership for

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

federal tax purposes between 2004 and 2006: (a) Randal and William Holdner operated Holdner Farms as a business; and (b) both contributed capital and labor to the enterprise, managed its operations, shared the profits of the business, made withdrawals from Holdner Farms's bank account, and held out Holdner Farms as a partnership. *Comm'r v. Culbertson*, 337 U.S. 733, 742 (1949); *Luna v. Comm'r*, 42 T.C. 1067, 1077-78 (1964).

2. On *de novo* review, the Notice of Deficiency (NOD) was not inadequate; it met the requirements of I.R.C. § 7522. There is no legal basis for Holdner's argument that the NOD was required to notify him of what would be relevant at trial. But even if such a requirement did exist, the NOD in this case would satisfy it. The NOD stated that the basis for the deficiency was that Holdner Farms had operated as a partnership, but had not properly allocated the business's expenses between the partners. That information was sufficient to put Holdner on notice that the issue of whether Holder Farms was a partnership for federal tax purposes would be highly relevant at trial.

3. Under Federal Rules of Evidence 611(a) and 614(b) (as applied to proceedings in U.S. Tax Court by Tax Court Rule 143(a)), the tax court judge did not abuse her discretion in her management of trial or questioning of witnesses. The decision of the tax court is therefore

**AFFIRMED**.