**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM F. HOLDNER, | No. 13-74197 |
| Petitioner - Appellant, | Tax Ct. No. 3817-13 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

William F. Holdner appeals pro se from the Tax Court's summary judgment

permitting the Internal Revenue Service to collect on his federal income tax

liabilities for years 2004 to 2006.  We have jurisdiction under 26 U.S.C.

§ 7482(a)(1).  We review de novo, *Sollberger v. Comm'r*, 691 F.3d 1119, 1123

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012), and we affirm.

The Tax Court properly sustained the collection action because Holdner was precluded from challenging the validity of the underlying tax assessments, as the matter had been resolved in prior litigation. *See* 26 U.S.C. §§ 6330(c)(2)(B), 6330(c)(4)(A)(i) (limiting issues a taxpayer may challenge at a Collection Due Process hearing); *Comm'r v. Sunnen*, 333 U.S. 591, 598-99 (1948) (discussing the application of res judicata principles in tax litigation); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) (summary judgment is a final judgment on the merits for res judicata purposes); *Baker v. IRS* (*In re Baker*), 74 F.3d 906, 910 (9th Cir. 1996) (per curiam) (res judicata precludes relitigation of issues that were or could have been raised in the prior action; "once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.'" (citation omitted)).

We do not consider Holdner's contentions concerning the propriety of the judgment entered in his prior tax case, which were addressed in a prior appeal. *See Holdner v. Comm'r*, 483 F. App'x 383 (9th Cir. 2012).

**AFFIRMED.**

13-74197