NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES WILL BONHAM,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>BANK OF AMERICA, N.A., a corporation;<br>UNKNOWN PARTIES, named as John<br>and/or Jane Does I-X,<br><br>          Defendants-Appellees. | No. 17-15256<br><br>D.C. No. 2:16-cv-03822-JJT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

James Will Bonham appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from foreclosure

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (dismissal on basis of res judicata). We may affirm on any basis supported by the record. *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 790 (9th Cir. 2016) (en banc). We affirm.

The district court properly dismissed Bonham's claims for "lack of standing" and breach of contract as barred by the doctrine of res judicata because these claims were raised, or could have been raised, in Bonham's prior action between the same parties that resulted in a final judgments on the merits. *See Mpoyo*, 430 F.3d at 987 (setting forth res judicata elements and requirements for identity of claims); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata prohibits lawsuits on claims that were raised or could have been raised in prior action).

Dismissal of Bonham's Fair Debt Collection Practices Act and Uniform Commercial Code claims was proper because Bonham failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion by dismissing Bonham's complaint without leave to amend because amendment would be futile. *See*

2                                                                                              17-15256

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

Because we affirm the district court's dismissal of the complaint, we do not consider whether the denials of Bonham's requests for preliminary injunctions were proper. *See Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1291 n.1 (9th Cir. 2015) ("Because we affirm the district court's Rule 12(b)(6) dismissal of the complaint, . . . we need not separately address the question whether the denial of the [plaintiff's] motion for a preliminary injunction was proper.").

We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Bonham's requests, set forth in his opening brief, are denied.

Bonham's motion to take judicial notice (Docket Entry No. 18) is denied.

Bonham's opposed motions to file a supplemental opening brief (Docket Entry Nos. 29, 30) are granted. Bonham's requests contained within Docket Entry No. 36 are denied. The Clerk shall file Bonham's supplemental opening brief submitted at Docket Entry No. 23.

**AFFIRMED.**

17-15256