Kolela MPOYO, Plaintiff—Appellant,

v.

LITTON ELECTRO–OPTICAL SYSTEMS, Defendant—Appellee.

No. 03–16050.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

Kolela Mpoyo, Phoenix, AZ, for Plaintiff–Appellant.

John Alan Doran, Esq., Jennifer Beth Healey, Bryan Cave LLP, Phoenix, AZ, for Defendant–Appellee.

Before: B. FLETCHER, WARDLAW, and BEA, Circuit Judges.

MEMORANDUM **

Kelela Mpoyo appeals pro se the district court's order granting summary judgment in favor of his former employer, Litton Electro–Optical Systems ("Litton"), in his Title VII action. We review a district court's order granting summary judgment de novo. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 906 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Mpoyo's claims of sexual harassment, defamation, harassment, "framing" and "planting" were dismissed without prejudice by the district court because they were not alleged before the EEOC. *See Farmer Bros.*, 31 F.3d at 899. The district court properly concluded that it lacked subject matter jurisdiction because of Mpoyo's failure to exhaust his administrative remedies. *See Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1475–76 (9th Cir.1989).

The district court also determined that Mpoyo's racial discrimination and retaliation claims lacked merit. Although Mpoyo may have made out a prima facie case of race discrimination, he failed to rebut Litton's evidence that he did not meet Litton's reasonable performance expectations. Further he did not show that he was treated differently than similarly situated employees not in a protected class. *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir.2002).

The district court also properly concluded that Mpoyo failed to make out a prima facie case of retaliation because he did not demonstrate that he engaged in any protected activity since no reasonable employee could believe that a Title VII violation occurred, viewing the record in the light most favorable to Mpoyo. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam). Mpoyo also demonstrated no link between the alleged protected activity and the adverse employment action. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir.2000). Even if he had made out a prima facie case of retaliation, Mpoyo failed to rebut Litton's proffered legiti-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mate, non-discriminatory reasons for his discharge. *Cf. id.* at 1244.

Contrary to Mpoyo's contention, the district court properly denied his motion to amend the complaint because Litton would have been substantially prejudiced if Mpoyo was granted leave to amend his complaint, since discovery had already closed and both parties had already submitted motions for summary judgment. *See Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990).

Mpoyo's remaining contentions also lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.