**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KOLELA MPOYO,
    *Plaintiff-Appellant,*

v.

LITTON ELECTRO-OPTICAL SYSTEMS,
    *Defendant-Appellee.*

No. 04-15047

D.C. No.
CV-03-01005-JAT

OPINION

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted
October 19, 2005—San Francisco, California

Filed December 5, 2005

Before: Robert R. Beezer and Alex Kozinski, Circuit Judges,
and Cormac J. Carney,* District Judge.

Opinion by Judge Beezer

---

*The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

15709

**COUNSEL**

Kolela Mpoyo, Pro Se, Phoenix, Arizona, for the plaintiff-appellant.

John Alan Doran, Greenberg Traurig, LLP, Phoenix, Arizona, for the defendant-appellee.

**OPINION**

BEEZER, Circuit Judge:

Appellant Kolela Mpoyo appeals the district court's dismissal based on res judicata of his Fair Labor Standards Act ("FLSA") and Family and Medical Leave Act ("FMLA") claims against his former employer, Appellee Litton Electro-Optical Systems ("Litton"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**I**

The relevant facts are not in dispute. Mpoyo filed claims of racial discrimination and retaliation in violation of Title VII against his former employer, Litton. The complaint alleged that his supervisor harassed and defamed him, conspired against him during his employment, destroyed his reputation

by ordering him to leave the building in a humiliating way, framed him for removing computer program materials, conspired to fire him, conspired to create conflicts between him and other employees and retaliated against him for reporting racial epithets. Two years later, after discovery was complete, expert witness disclosures had passed and summary judgment motions were fully briefed, Mpoyo sought leave to amend his complaint to include FMLA and FLSA claims. The district court denied leave to amend because it would have been unfairly prejudicial to Litton to add the new claims given that Mpoyo's delay was unjustified. The district court granted partial summary judgment in favor of Litton and dismissed Mpoyo's remaining two claims for failure to exhaust before the Equal Employment Opportunity Commission ("EEOC"). We affirmed the denial of leave to amend, the grant of summary judgment and the dismissal for failure to exhaust. *Mpoyo v. Litton Electro-Optical Sys.*, 92 Fed. Appx. 551 (9th Cir. 2004) ("*Mpoyo I*").

While *Mpoyo I* was on appeal, Mpoyo filed a new action in district court ("*Mpoyo II*") alleging the FMLA and FLSA claims of his proposed amended complaint. Mpoyo claimed Litton placed him on administrative leave instead of leave for a serious health condition under the FMLA, interfered with his leave and failed to pay him for overtime work in accordance with the FLSA. The district court dismissed all claims on res judicata grounds. Mpoyo appeals.

We review de novo the dismissal based on res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

## II

**[1]** We apply a well-established res judicata test to determine whether Mpoyo's present claims are barred. Res judicata applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or

privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

**[2]** Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).

**[3]** We use a transaction test to determine whether the two suits share a common nucleus of operative fact. *Int'l Union v. Karr*, 994 F.2d 1426, 1429-30 (9th Cir. 1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments § 24(2) (1982)). Because both sets of Mpoyo's claims arise from Litton's conduct while Mpoyo was an employee and specifically from the events leading to his termination, his claims relate to the same set of facts. Furthermore, the Title VII, FLSA and FMLA claims form a convenient trial unit that discloses a cohesive narrative of an employee-employer relationship and a controversial termination. This subsequent action "arises from the same transaction, or series of transactions as the original action" and therefore satisfies the first criterion. *See Western Sys.*, 958 F.2d at 871 (internal quotation marks omitted).

**[4]** The other criteria do not as clearly counsel whether *Mpoyo I* and *Mpoyo II* arise out of the same claim or transaction. The allegations in *Mpoyo II* involve the same overall harms and primary rights as the claims decided in *Mpoyo I*: in both cases, Mpoyo alleges wrongful discharge. *See Monte-*

*rey Plaza Hotel Ltd. v. Local 483 of the Hotel Employees and Rest. Employees Union*, 215 F.3d 923, 927 (9th Cir. 2000). In *Mpoyo I*, however, Mpoyo alleged racial discrimination (resulting in varied forms of harassment) and retaliation for reporting "racial epithets" to management in violation of Title VII. In this action, Mpoyo asserts Littion violated (1) the FMLA by placing him on administrative leave when he had a serious medical condition covered under the Act's leave provisions and (2) the FLSA by failing to pay him overtime compensation. The three different Acts arguably address different particular rights and therefore criteria two and three are not conclusive.

**[5]** The fourth criterion asks whether the two actions require substantially the same evidence. Some evidence of Litton's actions would certainly overlap because Mpoyo disputes a single act of termination stemming from a course of employment. Other evidence supporting the two actions would likely be distinct: to prove Title VII violations, Mpoyo would need to demonstrate disparate treatment, protected conduct and retaliation; to prove FMLA and FLSA violations, Mpoyo would need to show protected leave, action in contravention of that leave and overtime work that was not compensated.

**[6]** While examination of the latter three criteria does not yield a clear outcome, *Mpoyo I* and *Mpoyo II* clearly share a common nucleus of operative fact under the first criterion. The first criterion controls and assures the two suits involve the same claim or cause of action. It is also appropriate to weight more heavily the common nucleus of operative fact criterion here where denial of leave to amend was based on unjustified untimeliness on the part of the plaintiff that would cause unfair prejudice to the defendant. We have often held the common nucleus criterion to be outcome determinative under the first res judicata element. *E.g.*, *Int'l Union*, 994 F.2d at 1429-30 (holding criterion to be outcome determinative and

listing cases using the same nucleus of operative fact as the exclusive factor to bar a second claim under res judicata).

**[7]** The second res judicata element is satisfied by a summary judgment dismissal which is considered a decision on the merits for res judicata purposes. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005).

**[8]** Mpoyo argues the decision was not on the merits because two of several claims were dismissed without prejudice for failure to exhaust before the EEOC. Mpoyo did not raise this argument before the district court in *Mpoyo II*. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."). Even if he had, Mpoyo's argument would fail here because the remainder of the claims, which arise out of the same transaction, were decided on the merits when they were dismissed on summary judgment.

**[9]** The third element of the res judicata test requires identical parties or privies in the two actions. The plaintiff and defendant are identical in both actions. Mpoyo's argument that the defendants in the two actions are not completely the same because Litton was its own entity in the first action, while, in this action, Litton is a complete integral part of Northrop Grumman fails because (1) Mpoyo specifically named Litton and not Northrop Grumman in this action, *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249 (9th Cir. 1992), (2) Mpoyo did not raise the argument below (the complaint only notes that Litton is now a wholly owned subsidiary of Northrop Grumman), *see Singleton*, 428 U.S. at 120, and (3) Mpoyo does not offer any evidence that the acquisition destroys either identity or privity.

**[10]** Though Mpoyo asserts he was unaware of the FMLA and FLSA claims when he filed the initial complaint in

*Mpoyo I*, we have held that "[i]gnorance of a party does not . . . avoid the bar of res judicata unless the ignorance was caused by the misrepresentation or concealment of the opposing party." *Western Sys.*, 958 F.2d at 871-72 (citing Restatement (Second) Judgments § 26, cmt. j). "Different theories supporting the same claim for relief must be brought in the initial action." *Western Sys.*, 958 F.2d at 871 (citing Restatement (Second) Judgments § 25, cmt. d). There was no bar to Mpoyo presenting these claims in the original suit, discovery was completed in *Mpoyo I* before summary judgment was granted and the district court in *Mpoyo I* denied leave to amend because such action was untimely two years after the initial complaint was filed. Res judicata "relieve[s] parties of the costs and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Permitting these later-filed claims to proceed would create incentive for plaintiffs to hold back claims and have a second adjudication. Denial of leave to amend in a prior action based on dilatoriness does not prevent application of res judicata in a subsequent action.

Our holding in this case is consistent with case law in the First, Second, Third, Fifth and Eighth Circuits that bars under res judicata the subsequent filing of claims denied leave to amend. *Northern Assurance Co. of America v. Square D Co.*, 201 F.3d 84 (2d Cir. 2000); *Huck v. Dawson*, 106 F.3d 45 (3d Cir. 1997); *Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678 (8th Cir. 1997); *Johnson v. SCA Disposal Servs. of New England, Inc.*, 931 F.2d 970 (1st Cir. 1991); *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir. 1983) (en banc).

**AFFIRMED**.