**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES DONALD ROSE, | No. 12-35020 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00611-SI |
| v. | |
| JPMORGAN CHASE BANK, N.A. | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 10, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Charles Rose appeals from the district court's grant of JPMorgan Chase

Bank's motion to dismiss. The district court ruled that Rose's claims were barred

by res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rose concedes on appeal that his adversary proceeding in bankruptcy court "reached a final judgment on the merits, and . . . involved identical parties" as those currently before us. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The parties dispute only whether the adversary proceeding "involved the same 'claim.'" *Id.* We conclude that it did.

Rose's present claims arise out of the same transactional nucleus of facts as those in his adversary proceeding. *Id.* (holding that the first res judicata criterion is "whether the two suits arise out of the same transactional nucleus of facts"). The factual allegations underlying his claims are based on whether and how Chase took possession of the relevant promissory note and deed of trust. That Chase foreclosed on the property after the adversary proceeding was initiated does not change this fact. Moreover, this case seeks to relitigate whether Chase has the right to foreclose on the property, an issue already resolved in the adversary proceeding. *Id.* (holding that the second and third res judicata criteria are "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action [and] whether the two suits involve infringement of the same right"); *see also Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426,

1430 (9th Cir. 1993) (establishing a res judicata bar despite the presentation of different evidence).

**AFFIRMED.**