**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX LANGE, | No. 13-56593 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01294-GPC-WMC |
| v. | |
| TIM NICKERSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Alex Lange appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging state and federal claims arising out of his arrest.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on

the basis of res judicata. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2005). We affirm.

The district court properly dismissed Lange's action as barred by the doctrine of res judicata because Lange could have raised his § 1983 claims in his prior California state court action, which involved the same primary rights, the same parties and their privies, and resulted in a final judgment on the merits. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (in § 1983 actions, a federal court must apply the res judicata law of the state in which the judgment was entered); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557-58 (Ct. App. 2004) (California's doctrine of "[r]es judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated" when, among other things, both actions involve the same "primary right"); *see also Dyson v. Cal. State Pers. Bd.*, 262 Cal. Rptr. 112, 118-20 (Ct. App. 1989) (discussing privity requirement and explaining that "agents of the same government are in privity with each other, since they represent not their own rights but the right of the government" (citation and internal quotation marks omitted)).

We reject Lange's contentions that the dismissal of his action was premature and violated his constitutional rights.

**AFFIRMED.**

13-56593