**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALVIN ALEXANDERSON, | No. 13-36140 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00813-HZ |
| v. | |
| JAMES GORDON MONROE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted May 24, 2016[**]

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Alvin Alexanderson appeals pro se from the district court's judgment

dismissing on the basis of claim preclusion his action to quiet title. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mpoyo v. Litton

Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Alexanderson's action as barred by the doctrine of claim preclusion because Alexanderson's claims were based on the same factual transaction at issue in a prior state court action and could have been raised in that action. *See Dodd v. Hood River County*, 59 F.3d 852, 861-62 (9th Cir. 1995) (explaining that federal court must give same preclusive effect to state court judgment as it would have in the state it was rendered and setting forth Oregon's claim preclusion doctrine).

**AFFIRMED.**