**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WITOLD KOWBEL,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>UNIVERSITY OF SOUTHERN<br>CALIFORNIA; AINSLEY CARRY,<br><br>    Defendants-Appellees. | No. 19-56272<br><br>D.C. No. 2:19-cv-02088-JAK-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted October 26, 2020[**]

Before: McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

 Witold Kowbel appeals pro se from the district court's judgment dismissing

his diversity action alleging state law claims for intentional and negligent infliction

of emotional distress arising out of academic disciplinary proceedings involving

his son. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We affirm.

The district court properly dismissed Kowbel's claim for intentional infliction of emotional distress ("IIED") because Kowbel failed to allege facts sufficient to show extreme and outrageous conduct or that defendants' actions were directed towards Kowbel.  *See Hughes v. Pair¸* 209 P.3d 963, 976 (Cal. 2009) (elements of IIED claim).

The district court properly dismissed Kowbel's claim for negligent infliction of emotional distress ("NIED") as a bystander because Kowbel failed to allege facts sufficient to show that he was present at the time of defendant's allegedly negligent act and was contemporaneously aware that the act caused injury to his son.  *See Fluharty v. Fluharty*, 69 Cal. Rptr. 2d 244, 248 (Ct. App. 1997) (elements of a bystander claim for NIED).

The district court did not abuse its discretion by dismissing Kowbel's complaint without leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *see also Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (elements of claim preclusion).

Defendants' motion for judicial notice (Docket Entry No. 15) is granted.

**AFFIRMED.**