NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WILLIAM J. MYERS, JR., *Plaintiff/Appellant*,

*v.*

LEAH S. FREED, *Defendant/Appellee*.

No. 1 CA-CV 20-0449
FILED 7-15-2021

Appeal from the Superior Court in Maricopa County
No. CV 2018-096596
The Honorable David J. Palmer, Judge

**AFFIRMED**

APPEARANCES

William J. Myers, Jr., Chandler
*Plaintiff/Appellant*

Sherman & Howard LLC, Phoenix
By John A. Doran, Sean M. Moore
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1 William J. Myers, Jr. appeals the dismissal of his complaint against Leah S. Freed. Claim preclusion bars a claim when a prior suit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2002) (citation omitted). Because Myers previously litigated the sole claim alleged in the complaint in a separate cause of action, we affirm the superior court's dismissal of the complaint on claim preclusion grounds.

## BACKGROUND

¶2 In 2012, Myers sued Freescale Semiconductor, Inc. ("Freescale") for wrongful termination, defamation, and conversion. *See Myers v. Freescale Semiconductor Inc.*, 1 CA-CV 17-0745, 2018 WL 6241455, at *1, ¶ 3 (Ariz. App. Nov. 29, 2018) (mem. decision). After removing the case to federal district court, Freescale moved for summary judgment. To support its motion, Freescale submitted a declaration by Victoria Brush (the "Brush Declaration"), its human resources manager, summarizing her sexual harassment investigation of Myers. In response, Myers alleged that the signature on the Brush Declaration had been forged. He also questioned whether Freescale had, in fact, investigated the sexual harassment claims brought against him. The district court granted Freescale's motion and entered judgment in its favor, finding no evidence that it: (1) terminated Myers' employment for discriminatory reasons, (2) made false and unprivileged defamatory statements about him, or (3) converted any of his property.

¶3 Months later, Myers filed multiple post-judgment motions in district court, alleging causes of action for libel, fraud, contempt, slander, and perjury against both Freescale's employees and its attorney of record, Freed. Finding the various motions "groundless, harassing, and frivolous," the district court denied them and ordered them stricken from the record.

The district court also ordered the clerk not to accept any further pleadings from Myers without prior judicial authorization.

¶4            Nearly two years later, Myers moved to set aside the judgment, alleging Freescale had committed fraud on the court. In support of his motion, Myers attached the affidavit of Judith A. Housley (the "Housley Affidavit"), a forensic document examiner and handwriting analyst. Having compared the Brush Declaration and another statement signed by Brush, Housley opined that the documents' signatures did not match. The district court denied Myers' motion to set aside, and the Ninth Circuit dismissed his subsequent appeal as untimely. *Id.* at ¶ 5.

¶5            Dissatisfied with the results of the 2012 lawsuit and other related appeals,[1] Myers filed a new lawsuit against Freescale in the superior court, again alleging claims for wrongful termination, defamation, and conversion, and reasserting that Freescale committed fraud on the court by submitting the purportedly forged Brush Declaration. Finding the complaint barred on claim preclusion grounds, the superior court dismissed the case with prejudice.

¶6            In 2016, Myers filed another complaint, alleging Freescale committed fraud on the court in the 2012 case by submitting the purportedly "forged" Brush Declaration. In addition, Myers challenged Freescale's investigation of sexual harassment claims against him, contending that no women had, in fact, accused him of wrongdoing. Freescale moved for summary judgment, arguing that claim preclusion barred Myers' fraud on the court claim and denying the forgery allegation. *Id.* at *2, ¶ 10. Freescale submitted a second declaration from Brush, in which she confirmed that the signature on the Brush Declaration was her true and correct signature. *Id.* Finding Myers' fraud on the court claim barred by the doctrine of claim preclusion, the superior court granted Freescale's motion for summary judgment. Myers filed three post-judgment motions seeking to set aside and/or vacate the judgment, which the superior court denied.

¶7            On appeal, this court upheld the superior court's dismissal of Myers' claim for fraud on the court on claim preclusion grounds. *Id.* at *4, ¶ 22. Determining Myers brought the 2016 action and subsequent appeal without substantial justification, we also awarded Freescale its reasonable

---

[1]        During the interim period, Myers filed two other complaints against Freescale, reasserting claims of wrongful discharge and defamation. Both complaints were dismissed on claim preclusion grounds.

attorneys' fees and costs on appeal "as a sanction against Myers" under A.R.S. § 12-349 and ARCAP 25. *Myers*, 1 CA-CV 17-0745, at *5, ¶ 29.

¶8            In 2018, Myers filed the instant lawsuit against Freescale's attorney, Freed, alleging she committed fraud on the court. As the primary basis for his claim, Myers alleged that Freed "fabricated" the Brush Declaration and deceived the superior court when she submitted the document in support of Freescale's motion for summary judgment in the 2016 case. Apart from contesting the authenticity of the Brush Declaration, Myers also challenged its contents, alleging that Freescale never investigated the sexual harassment allegations that precipitated his discharge. Freed moved to dismiss, asserting that Myers' claim was barred both by the collateral estoppel doctrine and the absolute litigation privilege, and that he failed to state a claim for fraud on the court. In response, Myers argued that the claim was not precluded because (1) Freed committed fraud on the court *anew* when she submitted the Brush Declaration in the 2016 case, and (2) the prior case was brought against Freescale, not Freed. With her motion to dismiss pending, Freed also petitioned the superior court to designate Myers a vexatious litigant.

¶9            The superior court granted Freed's motion to dismiss, finding: (1) the res judicata/collateral estoppel doctrine barred Myers from relitigating the authenticity of the Brush Declaration; (2) Freed's "statements and actions in submitting the Brush [D]eclaration" were protected under the absolute litigation privilege; and (3) Myers failed to state a claim because the superior court did not resolve the 2016 case based on the authenticity of the Brush Declaration but upon application of the collateral estoppel doctrine.

¶10            After summarily denying Myers' motions for reconsideration, for relief from judgment, and to charge Freed with perjury, the superior court recommended that the presiding superior court judge declare Myers a vexatious litigant and order that he be prohibited from filing "any new complaint or lawsuit" concerning "any claims for relief relative to his 2011 termination of employment . . ., including but not limited to any issues regarding the Declaration of Victoria Brush." Accepting the superior court's recommendation, the presiding superior court judge declared Myers a vexatious litigant and ordered that he not file any new causes of action or further motions in any current lawsuits without prior judicial authorization. Despite this order, Myers filed additional motions, which the superior court addressed by either denying relief or "tak[ing] no action" because the motions were not "properly before the Court."

4

¶11        After granting Freed's request for attorneys' fees under A.R.S. § 12-349, the superior court entered a signed judgment in her favor. Myers timely appealed.

## DISCUSSION

¶12        As a preliminary matter, we consider the scope of this appeal. Although Myers seeks to vacate "all judgments [and] rulings in this case," he fails to present any legal argument challenging the superior court's: (1) denial of his post-judgment motions, (2) recommendation to the presiding judge to designate him a vexatious litigant, or (3) award of attorneys' fees to Freed. Accordingly, Myers has waived any challenge to those rulings, and we will not consider them. *See* ARCAP 13(a)(7)(A) (stating an opening brief "must contain" each of the appellant's "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"); *see also Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (explaining the failure to develop and support an argument on appeal results in waiver of the issue); *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 25 n.5 (App. 2000) (holding issues raised for the first time in a reply brief are waived).

¶13        As framed in the opening brief, the only issue before us is whether the superior court properly dismissed Myers' complaint. Contrary to the superior court's finding, Myers contends that the doctrine of claim preclusion "does not apply" to Freed. He further asserts that the claim preclusion doctrine is inapplicable here because "new material" demonstrates that Freed not only manufactured and submitted a forged document, but "committed spoliation of evidence" by destroying all notes and records related to the sexual harassment investigation. By failing to properly raise the spoliation of evidence argument in the superior court, Myers waived it on appeal, and we will not consider it.[2] *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (holding the failure to raise an issue in the superior court waives the issue on appeal).

¶14        This court reviews de novo the dismissal of a complaint. *See Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We also review de

---

[2]        Myers first raised his spoliation of evidence argument (and an allegation that Freed admitted to committing fraud during a discovery-related conversation) in his second supplemental authority to his motion for relief from judgment. He filed this document after the presiding superior court judge declared him a vexatious litigant.

novo the preclusive effect of a prior judgment. *Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009).

**¶15**        Because a federal court issued the judgment in the 2012 lawsuit, federal law dictates its preclusive effect. *In re Gen. Adjudication of All Rights to Use Water in the Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 13 (2006). Under the doctrine of claim preclusion, or res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). "The defense of claim preclusion has three elements: (1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Gen. Adjudication of All Rights to Use Water in the Gila River Sys. & Source*, 212 Ariz. at 69–70, ¶ 14 (citing *Blonder-Tongue Lab, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971)).

**¶16**        To determine whether there is an identity of claims, we consider whether: (1) "the two suits arise out of the same transactional nucleus of facts," (2) "rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action," (3) "the two suits involve infringement of the same right," and (4) "substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987 (citation omitted). While "all four factors are considered," the "transactional nucleus element" is weighed most heavily and deemed "outcome determinative." *Tug Constr. L.L.C. v. Harley Marine Financing L.L.C.*, 412 F. Supp. 3d 1293, 1302 (W.D. Wash. 2019) (citation omitted). "Newly articulated claims based on the same nucleus of facts [are] subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.*

**¶17**        Applying this framework, we first examine the claims raised in the 2012 and 2018 lawsuits. Both the prior litigation and the instant case arose out of Freescale's investigation of sexual-harassment allegations against Myers and its subsequent termination of his employment. In opposition to Freescale's motion for summary judgment in the 2012 lawsuit, Myers asserted that the Brush Declaration, which described Freescale's investigation of Myers' workplace conduct, had "obviously been forged." By entering judgment in Freescale's favor, the district court necessarily rejected Myers' contention. Almost two years later, Myers filed a post-judgment motion alleging Freescale had committed fraud on the court by submitting the Brush Declaration, attaching the same Housley Affidavit he relies on to support his fraud on the court claim in the instant case. The

district court denied Myers' motion and upheld the 2012 judgment. Accordingly, Myers litigated his challenges to the authenticity of the Brush Declaration and Freescale's investigation of the harassment claims in the 2012 case, and the district court entered a final judgment on the merits against him. Although Myers attempts to frame his current claim in terms of "new material," in the instant action, he ultimately seeks relief from fraud Freed purportedly committed in the 2012 case—allegations that have been addressed in numerous lawsuits. To the extent Myers' allegations in this complaint vary in form, "they could and should have been raised" in the 2012 case. *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1076 (9th Cir. 2003).

¶18        Turning to the remaining factors, Freescale's interest in the finality of the 2012 judgment would be undermined if the 2018 action were permitted to proceed. Both lawsuits alleged an infringement of the same rights related to the investigation into Myers' workplace conduct and the termination of his employment. Lastly, Myers relied primarily upon the same evidence—the Housley Affidavit—to support his allegations of forgery in both his post-judgment motions in the 2012 case and the instant lawsuit.

¶19        Having found an identity of claims in the 2012 lawsuit and the current litigation and determined that Myers previously litigated the claim and the district court entered a final judgment on the merits against him, we consider the identity or privity between the parties in the two suits. "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Tahoe-Sierra*, 322 F.3d at 1081–82. Accordingly, "[e]ven when the parties are not identical, privity may exist if 'there is "substantial identity" between parties, that is, when there is sufficient commonality of interest.'" *Id.* at 1081 (internal quotations and citations omitted); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979) (permitting "[d]efensive use" of claim preclusion "to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant"); *Stratosphere Litigation L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (finding privity "when a party is so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (internal quotations and citation omitted); *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotations omitted) (explaining privity exists between a party and nonparty when their interests "are so closely aligned as to be virtually representative"); *Shaw v. Hahn*, 56 F.3d 1128, 1131–32 (9th Cir. 1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the

former action); Restatement (Second) of Judgments § 51 (1980)(1) ("If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them," a judgment against the injured person "bars him from reasserting his claim" in a subsequent action against the other).

¶20          Here, Freescale and Freed's interests with respect to the fraud on the court claim are virtually indistinguishable. Although recast in the instant litigation, Myers' fraud claim, distilled, remains substantively unchanged from that alleged in the 2012 lawsuit—he asserts Freed, acting in her role as advocate and representative, committed fraud on the court by submitting a forged document to defend her client, Freescale. Given their commonality of interest, we conclude that Freescale's defense to Myers' fraud on the court claim in the 2012 lawsuit adequately and sufficiently represented Freed's interests, thereby binding Myers' allegations against Freed, in this case, arising from the same set of facts.

¶21          In sum, having found: (1) an identity of claims in the 2012 action and the current litigation, (2) the 2012 action was resolved by a final judgment on the merits, and (3) there was sufficient privity between Freescale and Freed to bind Myers to the result of the 2012 litigation, we conclude the claim preclusion doctrine bars Myers from relitigating the fraud on the court allegations previously resolved by the district court. Therefore, the superior court did not err by dismissing Myers' complaint in the instant litigation.

## CONCLUSION

¶22          For the foregoing reasons, we affirm the dismissal of Myers' complaint. Freed requests an award of her attorneys' fees and costs on appeal under A.R.S. § 12-349(A)(1) (mandating an award of attorneys' fees if a party brings a claim "without substantial justification") and ARCAP 25 (authorizing a sanction of attorneys' fees and costs for a frivolous appeal). On this record, and in consideration of the A.R.S. § 12-350 factors, we conclude both that Myers brought this appeal without substantial

justification and that the appeal is frivolous. Accordingly, we award Freed her reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA