**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES CONSTANT, | No. 20-56179 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-06700-JFW-KES |
| v. | |
| SOUTHERN CALIFORNIA EDISON COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

James Constant appeals pro se from the district court's judgment dismissing

his 42 U.S.C. §§ 1983 and 1985 action alleging various claims arising from

eminent domain cases against him.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the basis of res judicata. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). We affirm.

The district court properly dismissed Constant's action because the claims were raised, or could have been raised, in a prior state court case that involved the same primary rights and parties and resulted in a final judgment on the merits. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law."); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (setting forth claim and issue preclusion doctrine under California law); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) (claim preclusion "bars the litigation not only of issues that were actually litigated but also issues that could have been litigated"). The district court properly held that the state court judgment in a separate proceeding involving the California Department of Transportation also had preclusive effect in this action. *See DKN Holdings LLC*, 352 P.3d at 386-87 (explaining that issue preclusion prohibits the relitigation of issues argued and decided in a previous case and can be invoked by one not a party to the first proceeding).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Constant's request, set forth in his reply brief, to strike portions of Southern

California Edison Company's answering brief and excerpts of record is denied.

**AFFIRMED.**