**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JOHN S. ROMERO, AKA John Silva Romero, <br><br> Defendant-Appellant. | No. 21-50004 <br> 21-50119 <br><br> D.C. No. <br> 5:15-cr-00007-VAP-1 <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted June 14, 2023
Pasadena, California

Before: BYBEE and CHRISTEN, Circuit Judges, and FITZWATER,[**] District
Judge.

John S. Romero appeals his convictions and sentence for conspiracy

pursuant to 18 U.S.C. § 371; and health care embezzlement (or causing, aiding, or

abetting the same) pursuant to 18 U.S.C. §§ 669, 2. He does not appeal his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

conviction or sentence for false statement pursuant to 18 U.S.C. § 1001(a)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

1. Instructional Objections. Romero argues that the district court erred by failing to instruct the jury on multiple conspiracies, specific unanimity, and *Sears* defense theories.[1] "A criminal defendant has a constitutional right to have the jury instructed according to his theory of the case if it has 'some foundation in evidence . . . .'" *United States v. Johnson*, 459 F.3d 990, 993 (9th Cir. 2006) (quoting *United States v. Morton*, 999 F.2d 435, 437 (9th Cir. 1993)). If "there is evidence upon which the jury could rationally find for the defendant," he is entitled to the instruction. *Id.* (quoting *Morton*, 999 F.2d at 437). In the district court, Romero requested a multiple conspiracies instruction and a *Sears* instruction, but he did not request a specific unanimity instruction.

"We have not been entirely consistent on whether to apply an abuse of discretion or de novo standard of review in reviewing the district court's refusal to

---

[1] A *Sears* instruction informs the jury that "there can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy." *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965). The instruction is warranted when there is "'some foundation in the evidence' to support the defendant's theory that she conspired only with a government agent." *United States v. Escobar de Bright*, 742 F.2d 1196, 1201 (9th Cir. 1984).

2

give a multiple conspiracies instruction when the parties dispute whether there was sufficient evidence to support such an instruction." *United States v. Job*, 871 F.3d 852, 867 (9th Cir. 2017). But even under a de novo standard, a multiple conspiracies instruction was not warranted because there was no indication in the evidence that "a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment." *United States v. Moe*, 781 F.3d 1120, 1127 (9th Cir. 2015) (internal quotation marks and citation omitted). As such, the district court did not err by denying Romero's request for a multiple conspiracies instruction.

We similarly need not resolve the standard of review that applies to Romero's argument for a *Sears* instruction because it would fail even on de novo review. The only support for a *Sears* instruction is Romero's own uncorroborated assertions—made for the first time in post-trial filings—that Steven Dale began cooperating with the government in November 2012 and that Dale wore a wire to an April 2013 meeting with Romero. No record evidence supports these assertions. But because the government appeared to concede at oral argument that Dale recorded one conversation with Romero at an agent's request, we consider whether Romero was improperly denied a *Sears* instruction. We conclude he was not. A jury could not reasonably have found that Romero conspired solely with Dale, particularly considering the overwhelming evidence that the Romero family

3

members conspired and took actions to further the same goals. *See United States v. Barragan*, 871 F.3d 689, 710 (9th Cir. 2017) ("If at least one co-conspirator is not a government agent, a conspiracy conviction is permitted."). Accordingly, the district court did not err by refusing Romero's request for a *Sears* instruction.

Finally, because Romero did not request a specific unanimity instruction in the district court, we review the district court's failure to give one for plain error only. *United States v. Begay*, 33 F.4th 1081, 1088 (9th Cir. 2022) (en banc); *see United States v. Castillo*, 69 F.4th 648, 652 (9th Cir. 2023) ("Federal Rule of Criminal Procedure 52(b) affords appellate courts discretion 'to correct a forfeited error' if the appellant shows (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." (citation omitted)). Regardless of the standard of review, a specific unanimity instruction was not warranted because the evidence did not show "a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed acts consisting of different legal elements." *United States v. Luong*, 965 F.3d 973, 985 (9th Cir. 2020) (citation, omission, and internal quotation marks omitted).

2. Evidentiary Objection and Corrective Instruction. Romero submits that government witnesses offered improper opinions regarding the legal definition of assets of a health care benefit plan. He also argues that the district court should

4

have given a corrective jury instruction as to how plan assets are determined. It is well established that a "witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (emphasis, citation, and internal quotation marks omitted). Assuming the government witnesses' testimony crossed this line, Romero concedes that he objected to this testimony for the first time in post-trial filings. Any objection raised post-trial was untimely, so we review for plain error. *See Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir. 1996). Romero's evidentiary objection fails because he has not shown why the error he alleges was plain, affected his substantial rights, or seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Castillo*, 69 F.4th at 652. Romero's argument that a corrective jury instruction was required also fails because Romero has not shown that the jury was improperly instructed on the statutory definition of that term.

3. Constructive Amendment. Romero argues that the district court constructively amended the indictment when it instructed the jury that "the term 'two or more persons' is not limited to the persons charged in this case." Romero did not raise this objection in the district court, so we review for plain error. Regardless of the standard of review, Romero's constructive amendment claim

5

fails because the indictment included "others known and unknown" within its listing of co-conspirators.

4. Sufficiency of the evidence. Romero argues that the evidence was insufficient to support his conviction for conspiracy and for health care embezzlement. In assessing a sufficiency challenge, we "determine whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

To prove a conspiracy under 18 U.S.C. § 371, the government must establish three elements: "(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) (internal quotation marks and citations omitted). The testimony of Romero's family members, financial records, and a recorded telephone call between Romero and his wife supplied overwhelming evidence of Romero's agreement, multiple overt acts taken in furtherance of the scheme, and his intent to participate in the charged conspiracy.

The elements of health care embezzlement are: (1) knowingly and willfully; (2) embezzling, stealing, or converting; (3) money, funds, or other assets; (4) of a

health care benefit program. 18 U.S.C. § 669; *see also id.* § 24(b) (defining "health care benefit program"). Romero argues that the government did not prove the funds at issue belonged to a health care benefit program—specifically, a union health plan. But the government introduced substantial documentary evidence and adduced expert and lay witness testimony to show that those funds did belong to the health plan. Viewed in the light most favorable to the prosecution, the evidence was more than sufficient to support the jury's verdict on all the counts of conviction that Romero challenges on appeal.

5. Claim preclusion. Romero first argued that claim preclusion barred his prosecution in his interlocutory appeal. *See United States v. Romero*, 775 F. App'x 347, 348 (9th Cir. 2019). He raises this argument again in this appeal, but he never raised it to the district court. Considering this claim on plain error review and assuming without deciding that civil claim preclusion principles apply to Romero's criminal case, Romero's argument fails because there was no error, plain or otherwise. Claim preclusion could not apply to bar Romero's 2015 prosecution because his 2009 prosecution involved different time periods, unions, transactions, people, and bank accounts. *See Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

6. Loss Calculation. Romero alleges three errors in the district court's loss calculation, but none are persuasive. We review this argument for abuse of

discretion. *See United States v. Lonich*, 23 F.4th 881, 910 (9th Cir. 2022). First, the district court's decision not to credit the value of Romero's son's de minimis work against the loss amount is insufficient to create a "definite and firm conviction that the court committed a clear error of judgment." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) (describing the abuse-of-discretion standard); *but see United States v. Martin*, 796 F.3d 1101, 1110 (9th Cir. 2015) (reversing sentence for abuse of discretion and explaining that "district courts should give credit for any legitimate services rendered to the victims" (internal quotation marks and citation omitted)). Here, any error was harmless because deducting the value of the services performed by Romero's son would have decreased the loss amount by, at most, $32,475. The challenged sentence enhancement was based on a loss amount of more than $550,000 and the district court determined a loss amount of $674,800. Second, the $193,500 in rent payments to Romero's LLC were properly included in the loss calculation because the jury heard testimony that no health plan work was performed from either of the LLC's properties. Third, we are not persuaded by Romero's argument that the $25,000 payment for his son's Mustang should not have been included in the loss amount because the payment came from an account that Romero used to collect embezzled funds. The district court did not abuse its discretion in calculating the loss attributable to Romero's crimes.

7. Restitution. Restitution was ordered only in connection with the counts of conviction, so we review the award for abuse of discretion. *See United States v. Anieze-Smith*, 923 F.3d 565, 570 (9th Cir. 2019). Romero contends that the district court erred by ordering that restitution be paid to those who contributed to the plan because the stolen funds belonged to the health plan's trust, not its contributors. But the relevant statute defines "victim" capaciously, encompassing anyone who is "directly and proximately harmed as a result of" a defendant's "criminal conduct in the course of . . . [a] conspiracy." 18 U.S.C. § 3663A(a)(2). The statute provides that if a victim is "deceased" or "incapacitated," a "representative of the victim's estate" or "any other person appointed as suitable by the court" may assume the victim's rights under the statute. *Id.*

By the time Romero was tried and convicted, the trust no longer existed. The trust document provided that in the event of the trust's termination, "no part of the corpus or income" of the trust fund "shall be used or diverted for purposes other than for the exclusive benefit of" the trust's beneficiaries, its administrative expenses, or payments in accordance with the document's provisions or the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 26 & 29 U.S.C.). Romero does not show that ordering restitution to the trust's contributors constituted an abuse of discretion.

Romero also contends that the district court improperly calculated the restitution amount using the "defendant's gain" rather than the "victim's actual losses." *See United States v. Anderson*, 741 F.3d 938, 953 (9th Cir. 2013). But *Anderson* did not articulate a general, per se rule that the defendant's gain can never equal a victim's loss. The generally applicable rule is more flexible: a district court should not rely solely on its calculation of the loss under the Sentencing Guidelines to determine the amount of restitution because the two measures serve different purposes and different calculation methods apply. *See United States v. Gossi*, 608 F.3d 574, 580–81 (9th Cir. 2010) ("Sentencing, unlike restitution, focuses on the criminal defendant . . . . Restitution clearly focuses on the *victim*, not the individual defendant.").

Here, the district court based its restitution award on the amount the Romero family embezzled from the trust. But for the embezzlement, the trust would have had a reserve for the contributors' benefit. That the family's gains happened to equal the trust's losses does not render the restitution award improper. The district court did not abuse its discretion when it awarded restitution.

**AFFIRMED.**