**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  BEVERLYANN A. LEE,<br><br>Debtor.<br>_____<br><br>BEVERLYANN A. LEE,<br><br>Appellant,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, DBA Champion Mortgage Company,<br><br>Appellee. | No. 23-35303<br><br>D.C. No. 3:22-cv-00153-IM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted October 16, 2024[**]

Before:     SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Chapter 13 debtor Beverlyann A. Lee appeals pro se from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment affirming the bankruptcy court's order dismissing Lee's adversary proceeding seeking to void Nationstar's lien. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court properly dismissed Lee's adversary proceeding because Lee failed to establish that Nationstar's lien had been previously disallowed. *See* 11 U.S.C. § 506(d) (stating that, subject to exceptions, a lien securing a claim is void when it is "not an allowed secured claim"); *cf. HSBC Bank USA, N.A. v. Blendheim (In re Blendheim)*, 803 F.3d 477, 489 (9th Cir. 2015) (stating that under § 506(d), a creditor's legal rights in a debtor's property are nullified if the creditor's claim is "disallowed").

To the extent that Lee challenged the validity of Nationstar's proof of claim, the bankruptcy court properly determined that any such challenge is barred by claim preclusion. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (setting forth elements of claim preclusion under federal law).

**AFFIRMED.**

23-35303