NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAROL ENGEN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1088

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00237-LAS, Senior Judge Loren A. Smith.

---

Decided: September 9, 2025

---

CAROL ENGEN, Buckeye, AZ, pro se.

RICHARD L. PARKER, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CLINT CARPENTER.

---

Before CHEN, LINN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Carol Engen ("Engen") appeals from a judgment of the U.S. Court of Federal Claims, dismissing her tax refund claims under Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").[1]  *See Engen v. United States*, 172 Fed. Cl. 651 (2024).  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).  Since we write for the parties, we assume familiarity with the record.  For the reasons that follow, we *affirm*.

## DISCUSSION

The Court of Federal Claims concluded that Engen failed to state a claim because her tax refund claims were barred as a matter of *res judicata* based on a prior decision in *United States v. Engen*, No. C18-712 RSM, 2021 WL 4391222 (W.D. Wash. Sept. 24, 2021) ("*Dist. Ct. Order*"), *aff'd*, No. 21-35804, 2023 WL 2556858 (9th Cir. Mar. 17, 2023) ("*Memorandum*").  Because the term "*res judicata*" encompasses elements of both claim preclusion and issue preclusion and the Court of Federal Claims applied the elements of claim preclusion to the facts of this case, we use the term claim preclusion herein for clarity.

Claim preclusion applies where "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005).  When claim preclusion is applied against a defendant, the third

---

[1]    Because Engen has not appealed the denial of her motion under RCFC 60(b), we need not and do not address arguments raised in that motion and only cursorily presented on appeal. *See Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990).

element is met where a defendant in a first proceeding later raises claims amounting to a "collateral attack on the first judgment" such that "successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action." *First Mortg. Corp. v. United States*, 961 F.3d 1331, 1339–40 (Fed. Cir. 2020).

Engen argues that none of the elements of claim preclusion are met in her case and the Court of Federal Claims erred by holding otherwise. We disagree with her arguments on all three elements.

As to the first element, the district court was a court of competent jurisdiction. Congress has authorized the Attorney General to bring—and the district courts to hear—civil actions to enforce liens of the United States in cases involving "a refusal . . . to pay any tax, or to discharge any liability in respect thereof." 26 U.S.C. § 7403(a). Further, we reject Engen's argument that the district court lacked jurisdiction specifically over the government's penalty claims. The Internal Revenue Code provides that liens for failure to pay taxes may encompass penalties and that penalties "shall be assessed, collected, and paid in the same manner as taxes." *Id.* § 6665(a)(1); *see also id.* §§66321, 6671(a).

Regarding the second element, the district court's grant of summary judgment was a decision on the merits and not, as Engen contends, a default judgment. *See Dist. Ct. Order*, 2021 WL 4391222, at *2–3 (noting that Engen responded to the government's motion for summary judgment); *see also Memorandum*, 2023 WL 2556858, at *1 (affirming grant of summary judgment because "Engen failed to raise a genuine dispute of material fact as to whether the tax and penalty assessments were invalid"). The district court reviewed the record, rejected Engen's arguments, and held that the Government was entitled to judgment on its claims as a matter of law.

That decision was affirmed on appeal and represented a final decision on the merits for purposes claim preclusion. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) (holding that a summary judgment dismissal is "considered a decision on the merits for [claim preclusion] purposes").

The third element is also met. Engen's suit involves the same parties as the district court proceedings. *See* Appellant's Informal Br. 20. Engen's claims against the Government seek refunds for payments made pursuant to the district court's judgment in favor of the United States. Her claims seek to impair, if not nullify, the rights established by the district court's assessment of her liability and thus represent a clear attempt to relitigate the earlier suit.

For these reasons, claim preclusion bars Engen's cause of action. *See First Mortg. Corp.*, 961 F.3d at 1339–41 (holding that claim preclusion bars defendants in a first action from later raising claims amounting to "a collateral attack on the first judgment"). Because Engen is precluded from obtaining the relief she requests, dismissal of her case by the Court of Federal Claims was proper. *See id.* at 1338.

We have considered Engen's other arguments but find them unpersuasive. Accordingly, the judgment of the U.S. Court of Federal Claims is *affirmed*.

**AFFIRMED**

COSTS

Each of the parties shall bear their own costs.