NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR NAUMOV,<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>SHELLPOINT MORTGAGE SERVICING, a Division of NewRez; WILMINGTON SAVINGS FUND SOCIETY, FSB; H&H PREFERRED REAL ESTATE; SAVE ON AUTO RECYCLING AND TOWING; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DTCC,<br><br>              Defendants - Appellees,<br><br>and<br><br>CENTRAL PACIFIC MORTGAGE COMPANY, COUNTRYWIDE HOME LOANS, INC.,<br><br>              Defendants. | No. 24-6020<br><br>D.C. No. 3:23-cv-01120-JR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 26, 2026[**]

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Victor Naumov appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising out of a foreclosure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (claim preclusion); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (sua sponte dismissal under Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly dismissed Naumov's action because his claims challenging the foreclosure were brought or could have been brought in his prior state court action and Naumov failed to allege facts sufficient to state any plausible claim. *See Dodd v. Hood River County*, 59 F.3d 852, 861-62 (9th Cir. 1995) (explaining that federal court must give same preclusive effect to state court judgment as it would have in the state it was rendered and setting forth Oregon's claim preclusion doctrine); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

24-6020

Contrary to Naumov's contentions, the district court did not violate his Seventh Amendment right to a jury trial or err by denying equitable relief or Naumov's request to transfer his action to an "equity court."

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

24-6020