NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST CLARK HICKS,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>BANK OF AMERICA, N.A., a foreign (non-Washington incorporated) banking institution; et al.,<br><br>　　　　Defendants-Appellees,<br><br>　and<br><br>QUALITY LOAN SERVICE CORP OF WASHINGTON, a Washington corporation; DOES, 1-10,<br><br>　　　　Defendants. | No. 20-36029<br><br>D.C. No. 2:20-cv-00158-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted December 14, 2021[**]

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Ernest Clark Hicks appeals from the district court's judgment dismissing his action alleging various federal and state law claims regarding a home loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) based on claim preclusion. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). We affirm.

The district court properly dismissed Hicks's action on the basis of claim preclusion because his claims were raised or could have been raised in previous actions between the parties that resulted in final adjudications on the merits. *See id.* at 987-88 (elements of federal claim preclusion); *Ensley v. Pitcher*, 222 P.3d 99, 104 (Wash. Ct. App. 2009) (elements of claim preclusion under Washington law).

We reject as meritless Hicks's contention that prior settlement agreements reserved the right to litigate the claims at issue in this action.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**