NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN L. STEWART, LL.B, MBA-PPM, J.D, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of The U.S. Department of Homeland Security; JULIA ANDREW, in her official capacity as Chair of The Board for Correction of Military Records United States Coast Guard, <br><br> Defendants-Appellees. | No. 21-56354 <br><br> D.C. No. 2:21-cv-03605-DSF-E <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Marvin L. Stewart appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging that the Board for Correction of Military Records of the United States Coast Guard ("BCMR") violated the Administrative Procedure Act ("APA") by declining to docket his request for reconsideration of BCMR Docket No. 176-95.   We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).  We affirm.

The district court properly dismissed Stewart's action on the basis of claim preclusion because Stewart's claims arise out of the same transactional nucleus of operative fact as Stewart's claims in his prior APA action against the same parties or their privies that resulted in a final judgment on the merits.  *See id.* at 987-88 (setting forth elements of res judicata and explaining this court's transaction test used to determine whether two suits share a common nucleus of operative fact).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-56354