**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TIN PHAN, | No. 22-56164 |
| Plaintiff-Appellant, | D.C. No. 8:22-cv-01245-SB-PLA |
| v. | |
| OLIVE CREST; DOES, 1-100, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted October 10, 2023**

Before:      S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Tin Phan appeals pro se from the district court's judgment dismissing his 42

U.S.C. § 1983 action alleging First Amendment violations arising from restrictions

placed on his monitored visitation with his child.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6) on the basis of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Phan's action as barred by the doctrine of claim preclusion because Phan raised an identical claim in a prior federal action, which involved the same parties and resulted in a final judgment on the merits. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (setting forth elements of claim preclusion under federal law).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Olive Crest's motion for judicial notice (Docket Entry No. 13) is granted.

**AFFIRMED.**