**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL GORDON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GAVIN NEWSOM, Governor of the State of California, individual capacity and official capacity; DOES, 1 through 10; ROB BONTA, Attorney General of the State of California, individual capacity and official capacity; SHIRLEY WEBER, Secretary of State of the State of California, individual capacity and official capacity; STEVEN J. REYES, Chief Counsel, Office of the Secretary of State of the State of California, individual capacity and official capacity, <br><br> Defendants - Appellees. | No. 25-5722 <br><br> D.C. No. 2:24-cv-06476-MRA-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Submitted June 22, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CANBY, BENNETT, and BADE, Circuit Judges.

Carl Gordon appeals pro se from the district court's judgment dismissing without leave to amend his 42 U.S.C. § 1983 action alleging that California's September 14, 2021, gubernatorial recall election was void. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (qualified immunity); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (claim preclusion); *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003) (mootness). We affirm.

The district court properly dismissed Gordon's claims against defendants in their official capacities as barred by claim preclusion because Gordon raised or could have raised these claims in his prior federal court action, which was against the same defendants and resulted in a final judgment on the merits. *See Mpoyo*, 430 F.3d at 987 (setting forth requirements for claim preclusion under federal law).

The district court properly dismissed Gordon's claims for prospective injunctive and declaratory relief because they are moot and are not capable of repetition, yet evading review. *See Porter*, 319 F.3d at 489-90 (explaining when a case becomes moot and when the exception for claims that are capable of repetition, yet evading review may apply); *see also Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) (noting that a claim is moot "where a plaintiff seeks to enjoin an activity that has already occurred, and [the court]

cannot 'undo' that action's allegedly harmful effects").

The district court properly dismissed Gordon's claims for damages because defendants are entitled to qualified immunity. *See Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024) ("Qualified immunity protects government officials from liability under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." (citation and internal quotation marks omitted)); *see also Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("[A] mere error of state law is not a denial of due process." (citation and internal quotation marks omitted)); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (setting forth elements of "class of one" equal protection claim); *Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1147 (9th Cir. 2024) (noting that reasonable user fees imposed for the reimbursement of the cost of government services are not a taking); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (explaining that an equal protection claim requires a plaintiff to "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

25-5722

All pending motions and requests are denied.

**AFFIRMED.**